E-FILED
Monday, 16 November, 2020 01:12:23 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAKIR PICKENS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 20-cv-2189-MMM |
| | ) | |
| DIANE MARLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, a detainee at the Champaign County Correctional Center ("Jail"), proceeding *pro se*, files a complaint under 42 U.S.C. § 1983. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## ALLEGATIONS

Plaintiff files a scattershot complaint naming 12 Defendants, alleging a host of violations at the Jail over a four-week period. Plaintiff attached approximately 30 pages of exhibits to his complaint which were not reviewed. *See Fitzgerald v. Dep't of Corr.*, No. 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007) (exhibits which were not "necessary to the complaint" were not considered at merit review). Plaintiff alleges that on May 21, 2020, another inmate

threw bodily fluids on him. When Plaintiff complained to Officer Hibbs he was told "that's what you get for talking shit." Plaintiff found this comment unprofessional and filed a grievance of the matter. He claims that his complaint was not adequately investigated, and that Officer Hibbs participated in the investigation. Plaintiff also complains that criminal charges were not filed against the inmate who struck him.

Plaintiff makes the unrelated claim that on June 8, 2020, he asked for the names and employee status of all medical staff. Officer Spaulding responded by advising him to submit a Freedom of Information Act ("FOI") request. Plaintiff complains that Officer Spaulding is not an Information Officer and is not qualified to make this recommendation. Plaintiff  makes another unrelated claim that the attorney conference rooms are so close to the housing units that others might eavesdrop.

Plaintiff also alleges that he was subjected to a series of disciplinary tickets on four occasions. Plaintiff does not provide much detail, other than that he was cited for interfering with the security staff. Plaintiff complains that he was not given hearings, though, on at least on occasion, he participated in "mediation."

Plaintiff claims that when he requested a Ramadan diet, he was told there was no Ramadan diet but that he could receive a kosher diet. Plaintiff takes issue with this as well, not indicating whether there is a difference between a kosher diet and a Ramadan diet. Plaintiff also requested to be served dinner at 8:00 p.m. but does not indicate whether or not this request was accommodated.

Plaintiff complains that the soup in the Jail commissary costs $.79. while soup sold in the Illinois Department of Corrections ("IDOC") costs, only $.25. He also complains that there is insufficient exercise equipment at the jail. Plaintiff names the City of Urbana, Mayor Diane

Marlin, Sheriff Dustin Heuerman, Lt. Robert Cravens, Clinical Coordinator Brenda Spaulding, Lt. Josh Sap, Sgt. McPheron, Officer Hibbs, Officer C. McMahon, Food Service Director Dione Wallace, Program Coordinator Celeste Blodgette, and Aramark Food Services,

The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 2002 WL 413172 at *4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). *See* Fed.R.Civ.P 10 (b). Here, however, Plaintiff names a dozen individuals, often not indicating which Defendant he holds responsible for any particular violation.

The Court notes, further, that many of Plaintiff's allegations do not state actionable claims. The fact that Plaintiff was struck by another inmate does not state a failure to protect, absent allegations that any Defendant had notice of the threat. *See Henderson v. Sheahan*, 196 F.3d 839, 844-45 & n.2 (7th Cir. 1999) (plaintiff must show both an objective risk of danger and actual knowledge of that risk on the part of Defendants.)

Officer Hibbs's "unprofessional" response after Plaintiff was struck does not state a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (mere insults do not amount to a due process or equal protection violation). The allegations that Officer Spaulding advised Plaintiff to submit an FOI request for the information he sought does not state any type of violation whatsoever. The same applies to the claim that detainees might be overheard while speaking with counsel, as it does not claim injury, merely the possibility of injury. *Henderson v. Sheahan*, 196 F.3d 839, 848-49 (7th Cir. 1999) citing *Babcock v. White*, 102 F.3d 267, 272–73 (7th Cir. 1996) ("suggesting that while a plaintiff may recover monetary

damages under the Eighth Amendment for 'failure to prevent harm,' the plaintiff is not entitled to monetary compensation for the mere 'failure to prevent exposure to [a] risk of harm'").

Plaintiff also asserts procedural due process claims, for the failure to conduct hearings in regard to his disciplinary tickets. As for any injury he sustained, Plaintiff indicates that on one occasion, he was "locked down" for two hours and 35 minutes, and that on another, he was locked down for four days. It is well established that a prisoner is entitled to due process where there is a protected liberty or property interest at stake. *Domka v. Portage County*, 523 F.3d 776, 779–80 (7th Cir. 2008). Here, however, Plaintiff pleads only that he was on lockdown for several periods of time. This does not appear to implicate a protected interest, at least where Plaintiff does not claim that he was subjected to atypical hardship. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995).

While Plaintiff is critical of the handling of his various grievances, this is not enough to plead personal liability under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Furthermore, "[s]imply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels,* No. 11- 282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011). *See also, Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (a plaintiff cannot establish personal involvement and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.)

In addition, Plaintiff attempts to join unrelated Defendants and unrelated claims in violation of Fed. R. Civ. P. 20(a)(2)(A). *See Owens,* 635 F.3d at 952. "We emphasized in *George*

*v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), that unrelated claims against different Defendants belong in separate lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-Defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act, see 28 U.S.C. § 1915(b), (g). Complaints like this one … should be rejected either by severing the action into separate lawsuits or by dismissing improperly joined Defendants…" (Internal citation omitted). *See also, Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("[a] litigant cannot throw all of his grievances…into one stewpot.")

The Court hereby dismisses Plaintiff's complaint with leave to refile. Plaintiff is cautioned that his claims, as pled, do not rise to the level of constitutional violations. If Plaintiff files an amended complaint, he may not plead unrelated claims as these belong in different suits, not one global complaint.

**IT IS THEREFORE ORDERED:**

Plaintiff's Complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants and comport with the Court's instructions. Piecemeal amendments are not accepted.

11/16/2020

ENTERED

s/Michael M. Mihm

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE