# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAKIR PICKENS, | ) |
|       **Plaintiff,** | ) |
| v. | )   No.: 20-cv-2189-MMM |
| DIANE WALLACE, et al., | ) |
|       **Defendants.** | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, currently at the Illinois River Correctional Center, pursues an action under 42 U.S.C. § 1983 for events which occurred while he was a pretrial detainee at the Champaign County Correctional Center ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## ALLEGATIONS

In his original complaint, Plaintiff alleged a myriad of violations against 12 Defendants. The complaint was dismissed for a variety of reasons, including misjoinder. Plaintiff now files an amended complaint where he revives one of the claims, that he had been overcharged at the Jail commissary. As Plaintiff's amended complaint supersedes the original, the other allegations of

1

the original complaint will not go forward. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) ("[o]nce the amended complaint was filed ... it became the governing document in the case and any allegations ... not brought forward fell by the wayside.") (quoting *Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999)).

Plaintiff complains that the soup in the Jail commissary costs $.79. while soup sold in the Illinois Department of Corrections ("IDOC") costs only $.25; and that commissary items are subject to a double tax. Plaintiff names Jail Food Service Director Diane Wallace, and Aramark Food Services, Inc. Plaintiff asserts that he filed a related grievance to which Defendant Wallace responded, informing him that commissary prices were reviewed yearly in line with the Consumer Price Index and prices in other county jails. Not satisfied, Plaintiff has filed a federal civil rights lawsuit, asserting that unfair commissary prices contribute to a hostile and violent environment at the Jail.

Plaintiff also asserts, with little explanation, that prisoners are double taxed. He includes a receipt which shows the purchase of several items totaling $21.96 with a 6.8% sales tax of $1.49 added to the total. Plaintiff has made a handwritten note in the margin, identifying the sales tax as a "double tax". Plaintiff asserts, without support or explanation, that the listed price of each item already include a sales tax, so that an additional tax should not be charged.

While this claim is not particularly clear, the Court gives it no further consideration as Plaintiff's claims do not state a Constitutional violation. This is so, as "inmates' basic necessities are furnished by the State, [so] they have no protected interest in making commissary purchases." *Animashaun v. Keefe Commissary Network*, No. 13-4584, 2013 WL 3321863, at *1 (N.D. Ill. June 28, 2013) (internal citations omitted).

2

"Because the plaintiff does not have a constitutional right to purchase commissary items, he has no federally protected right to purchase commissary items at a particular price or to have the jail restrained from charging exorbitant prices." *Id*. at *2 (dismissing complaint as frivolous and assessing a strike under 28 U.S.C. § 1915(g)). *See also*, *Henry v. Blagojevich*, No.10-3683, 2010 WL 2680531, at *2 (N.D. Ill. June 30, 2010), *aff'd and remanded sub nom. Tenny v. Blagojevich*, 659 F.3d 578 (7th Cir. 2011) (prisoners have no protected property or liberty interest in commissary privileges).

Plaintiff's complaint is frivolous and is dismissed for failure to state a claim. Plaintiff is assessed a strike under 28 U.S.C. § 1915(g) and warned, that if he accumulate three strikes, he will be barred from filing a future federal actions without the prepayment of the filing fee, unless in imminent danger of serious physical harm. § 1915(g).

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the complaint would be futile as Plaintiff cannot state a colorable claim under these facts. This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2)   This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3)   Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal

3

in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.


|   11/3/2021   |      s/Michael M. Mihm      |
|---|---|
| ENTERED | MICHAEL M. MIHM |
|  | UNITED STATES DISTRICT JUDGE |